```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA
```

CHARLEY NEWTON BETTIS,          )
                                )
            Plaintiff,          )
                                )
      v.                        )   CIV-07-115-FHS
                                )
LOYD BICKEL, TYLER MCCORKLE,    )
CINDY MATTHEWS, CHAS ANDERSON,  )
ZACK WOODS, DAVID HAMBY, GEORGE )
WILDCAT, ROBERT JONES, NORMAN   )
FISHER, and BOB GIBBINS,        )
Newspaper Reporter              )
                                )
            Defendants.         )

## ORDER AND OPINION

Before the court for its consideration is the Defendants Bickel, McCorkle, Matthews, Anderson, Woods, Hamby, Wildcat, Jones, and Fisher's Motions to Dismiss plaintiff's Fourth Amended Complaint and Brief in Support and Motion To Dismiss The Fourth Amendment Complaint by Bob Gibbins. The court grants the motions for the following reasons.

On March 16, 2007, plaintiff filed his original Complaint in the United States District Court for the Western District of Missouri naming as defendants Loyd Bickel, David Hamby, Norman Fisher, and John. Plaintiff made generalized allegations that he was not given his Miranda rights, not given a phone call, not afforded an attorney, was denied bond, was not informed of the charges against him, was denied a diabetic diet, denied postal privileges, denied access to a grievance procedure, denied access to law books or legal materials, and that he was locked down in retaliation for complaining about these issues. The docket sheet

1

does not indicate that any of these defendants were ever served. Subsequently, on April 23, 2007, the court for the Western District of Missouri transferred plaintiff's case to this Court.

On April 26, 2007, this court issued a Minute Order finding plaintiff had not submitted a proper Civil Rights Complaint approved for use by the Eastern District of Oklahoma and directing plaintiff to file an amended complaint by May 16, 2007. On May 9, 2007, plaintiff filed his Amended Complaint naming as defendants: Loyd Bickel, Norman Fisher, David Hamby, Tyler McCorkle, Robert Jones, George Wildcat, Silvai, John, Beth, Mary and Cindy. Again, plaintiff made generalized allegations that he was subjected to a warrantless arrest, that he was not read his Miranda rights upon arrest, that he was denied a phone call, that he was not afforded a lawyer, that he was not informed of the charges against him, that he was not taken to court within seventy-two hours of his arrest, that he did not get to see a doctor, that he was not given discovery of information, that he was denied medication, and that he was denied access to a grievance procedure.

On January 11, 2008, the court issued a Minute Order again finding that plaintiff has not submitted a proper Civil Rights complaint approved for use by the Eastern District of Oklahoma and directing plaintiff to file another amended complaint by January 31, 2008. On January 15, 2008, plaintiff filed his Third Amended Complaint. On January 25, 2008, defendants filed a Motion to Dismiss Plaintiff's Third Amended Complaint. The court issued a Minute Order on February 20, 2008, denying defendant's motion to dismiss and granting plaintiff until March 28, 2008 to again file an amended complaint clarifying his allegations and setting forth specific allegations against the defendants. Plaintiff filed his Fourth Amended Complaint on March 4, 2008. In this Fourth Amended

2

Complaint plaintiff has named as defendants Loyd Bickel, Tyler McCorkle, Cindy Matthews, Chas Anderson, Zack Woods, David Hamby, George Wildcat, Robert Jones, Norman Fisher, and Bob Gibbins.

Defendants have filed these motion to dismiss alleging this lawsuit should be dismissed pursuant to Federal Rule of Civil Procedure 12 (b)(6) because it fails to state a claim upon which relief can be granted.

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The Tenth Circuit Court of Appeals has stated that:

> the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable liklihood of mustering factual support for these claims. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).

The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. Twombly at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In Twombly, the court stated the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

The court is mindful that *pro se* prisoner plaintiff's pleadings are to be construed liberally. However, they must still follow the same rules of procedure that govern all litigants. <u>United States v. Ceballos-Martinez</u>, 371 F.3d 713, 717 (10th Cir. 2004). The court has throughly reviewed the Fourth Amended Complaint submitted by plaintiff and finds that it is conclusory and completely void of any factual allegations in support of his claims. It is a rambling of various factual allegations and much speculation. It mentions various constitutional provisions but fails to explain how these provisions relate to plaintiff's claims. At times, it is completely incoherent. It is impossible to tell from the plaintiff's Fourth Amended Complaint what plaintiff's causes of actions are or could possibly be. Under <u>Twombly</u>, this is simply insufficient. This court has given plaintiff numerous opportunities over an extended period of time to file a satisfactory complaint and plaintiff has simply failed to do this. Accordingly, defendants Bickel, McCorkle, Matthews, Anderson, Woods, Hamby, Wildcat, Jones, Fisher and Gibbin's motions to dismiss are hereby granted.

**IT IS SO ORDERED** this 31st day of July, 2008.

Frank H. Seay
United States District Judge